## Alexander Adams, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, November 6, 1978, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail. Resubmitted on January 18, 1979.

*Alexander Adams*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *Gerald Gornish*, Acting Attorney General, for respondent.

MEMORANDUM AND ORDER BY JUDGE ROGERS, February 12, 1979:

On January 4, 1979, this Court issued an Order in this case which provided, *inter alia*:

3. With respect to Adams' challenges to the failure of the Pennsylvania Board of Probation and Parole to credit him with the time spent on parole in good standing in its recomputation of his recommitment as a technical parole violator, summary judgment is entered in favor of Alexander Adams and the Pennsylvania Board of Probation and Parole is ordered to recompute the maximum expiration date of his sentence so as to give Adams credit for that period of time from May 13, 1977 until October 26, 1977.

Mr. Adams, alleging that the Board had failed to give him credit as required by the above quoted portion of our Order, asked that we impose sanctions. The Board thereupon filed a petition asking us to reconsider the portion of our order in question, which it claimed erroneously recorded the facts with respect to its action concerning Mr. Adams' time on parole in good standing.

Having reexamined the record, we agree with the Board that we erred and that its computation of Mr. Adams' maximum expiration date properly credited him with the period from May 13, 1977 until October 26, 1977, during which he was on parole in good standing. Mr. Adams' new maximum expiration date of April 18, 1979 was correctly computed by adding four months and 20 days which Mr. Adams spent on parole in delinquent status to his previous maximum expiration date of November 28, 1978.

We therefore vacate the portion of our Order of January 4, 1979 heretofore quoted and substitute therefor the following new section:

3. With respect to Adams' challenges to the failure of the Pennsylvania Board of Probation and Parole to credit him with the time spent on parole in good standing in its recomputation of his recommitment as a technical parole violator, summary judgment is entered in favor of the Pennsylvania Board of Probation and Parole;

so that our final order in this case shall be as follows:

## ORDER

AND Now, this 12th day of February, 1979, it is hereby ordered as follows:

1. With respect to Adams' challenges to the constitutionality of his recommitment, summary judgment is entered in favor of the Pennsylvania Board of Probation and Parole.

2. With respect to Adams' challenges to the failure of the Pennsylvania Board of Probation and Parole to credit him with the twenty-three months he served in the County prison on a new sentence, summary judgment is entered in favor of the Pennsylvania Board of Probation and Parole.

3. With respect to Adams' challenges to the failure of the Pennsylvania Board of Probation and Parole to credit him with the time spent on parole in good standing in its recomputation of his recommitment as a technical parole violator, summary judgment is entered in favor of the Pennsylvania Board of Probation and Parole.