Wayne Carlise Jacobs, Petitioner v. William B. Robinson, Commissioner, Bureau of Corrections, Department of Justice et al., Respondents.

Submitted on briefs, November 27, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Wayne Carlisle Jacobs,* petitioner, for himself.

*Francis R. Filipi,* Assistant Attorney General, with him, *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE MENCER, February 5, 1980:

Petitioner, Wayne Carlise Jacobs, seeks our review of the Bureau of Corrections' computation of his sentence. The parties' cross-motions for summary judgment are before us for consideration.

Petitioner was sentenced to serve a term of imprisonment of not less than 2 years nor more than 5 years to be computed from March 24, 1977. On September 14, 1977, the petitioner was inadvertently released from the State Correctional Institution at Graterford (Graterford) because of a clerical error in recording his sentence. Upon his release, he came under the supervising authority of the Probation Department of the Court of Common Pleas of Philadelphia County.

On April 27, 1978, the clerical error which resulted in petitioner's release from prison was discovered by prison authorities and, on May 5, 1978, a warrant for his arrest on the charge of escape was obtained.[1] It was not until December 16, 1978 that the petitioner was taken into custody and returned to Graterford. Thereafter, the records officer at Graterford administratively adjusted the effective minimum and maximum dates of petitioner's sentence so as to deny him credit for the time during which he was at large after the issuance of the warrant of arrest—7 months and 11 days[2]—but, when petitioner by correspondence complained to the Commissioner of Corrections relative to this sentence adjustment, the Commissioner directed the records officer to adjust the petitioner's sentence so as to deny him credit for a period of 1 year, 3 months and 2 days,[3] representing the time that petitioner was away from Graterford.

An escapee is not entitled to credit for time spent at large prior to being apprehended. Commonwealth ex rel. Goins v. Rundle, 411 Pa. 590, 192 A.2d 720, cert. denied, 375 U.S. 959 (1963); Harbold v. Carson, 24 Pa. Commonwealth Ct. 417, 356 A.2d 835 (1976). However, under the circumstances of this case, petitioner cannot be classified as an escapee upon his inadvertent release by prison authorities. Further-

[1] The charge of escape for which the arrest warrant was issued was dismissed by order of the Court of Common Pleas of Philadelphia County on January 18, 1979. Escape is defined in the Crimes Code, 18 Pa. C.S. §5121(a), as follows:

A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

[2] May 5, 1978 to December 16, 1978.

[3] September 14, 1977 to December 16, 1978.

more, a prisoner cannot be compelled to serve a sentence in installments and has a right to serve his sentence continuously. *Robinson v. Department of Justice,* 32 Pa. Commonwealth Ct. 77, 377 A.2d 1277 (1977). Since the charge of escape upon which the warrant of arrest was issued was dismissed, we must conclude that it was error not to credit petitioner with the time he was in the community and under the supervision of the Probation Department of Philadelphia County.[4] *See Adams v. Board of Probation and Parole,* 42 Pa. Commonwealth Ct. 568, 395 A.2d 1035 (1979).

Therefore, we will grant summary judgment in petitioner's favor and order the Bureau of Corrections to recompute his sentence, crediting the time from September 14, 1977 to December 16, 1978 to the sentence imposed April 19, 1977 and made effective March 24, 1977.[5]

ORDER

AND Now, this 5th day of February, 1980, the Bureau of Corrections' motion for summary judgment is denied, summary judgment is granted to the petitioner, Wayne Carlise Jacobs, and the Bureau of Corrections is ordered to recompute his sentence, crediting the time from September 14, 1977 to December 16, 1978 to the sentence imposed April 19, 1977 and made effective March 24, 1977.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.

---

[4] *Cf. Jones v. Cunningham,* 371 U.S. 236 (1963) (a prisoner, although released and placed on parole, was in the custody of the members of the parole board.)

[5] Since technical violation parole proceedings, while available to the Board of Probation and Parole, were not utilized in the instant case to reduce the "street time," we are unable to disallow petitioner credit for time he was away from prison.