IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bret Sweeting,                              :
                                           : No. 21 M.D. 2013
                    Petitioner             : Submitted: February 19, 2016
                                           :
             v.                            :
                                           :
Department of Corrections and              :
Pennsylvania Board of Probation            :
and Parole,                                :
                                           :
                    Respondents            :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                           FILED:  April 18, 2016


           Before this court is the application for summary relief (Application) filed by the Department of Corrections (DOC) in this court's original jurisdiction requesting the dismissal of Bret Sweeting's petition for a writ of mandamus (Petition).[1]  In his Petition, Sweeting seeks to compel DOC and the Pennsylvania Board of Probation and Parole (Board)[2] to credit his current state sentence for the time he spent at liberty from November 30, 1998, to February 7, 2005.  For the following reasons, we grant DOC's Application and dismiss Sweeting's Petition.

_____

[1] By order dated May 13, 2013, this court directed that Sweeting's Petition be treated as a petition for review filed in this court's original jurisdiction.

[2] On July 23, 2013, this court sustained the Board's preliminary objections to Sweeting's Petition and dismissed the Board from the case.

On August 31, 1994, the Lycoming County Court of Common Pleas (trial court) sentenced Sweeting to two-and-one-half to five years in prison. At the time of this sentence, Sweeting had outstanding drug charges against him. On November 3, 1994, the trial court sentenced Sweeting on the drug charges to an aggregate term of 10 to 27 years in prison, which was to run consecutive to his prior sentence. On November 30, 1998, DOC mistakenly released Sweeting at the expiration of his August 1994 sentence[3] because it was unaware of his November 1994 consecutive sentence.

On May 28, 1999, federal authorities detained Sweeting on new charges and subsequently released him on bail on August 30, 1999. On September 15, 1999, Sweeting was convicted of the federal charges. Also on September 15, 1999, the Federal Bureau of Investigation informed DOC that Sweeting had an outstanding 10- to 27-year state sentence that he had not yet served. As a result, DOC obtained a warrant for Sweeting's arrest.

On February 3, 2000, Sweeting was sentenced to 78 months' incarceration on the federal charges. After completing his federal sentence, Sweeting was released to DOC on February 7, 2005, to serve the November 1994 10- to 27-year sentence. DOC recalculated Sweeting's state sentence to reflect a minimum date of February 7, 2015, and a maximum date of February 7, 2024.

---

[3] Sweeting was thrice denied parole on his August 1994 sentence and, as a result, served his maximum term of five years' incarceration.

On January 14, 2013, Sweeting filed his Petition seeking to compel DOC to recalculate his sentence and give him credit for the time he spent at liberty from November 30, 1998, to February 7, 2005. Sweeting asserts that because he has a right to serve his state sentence continuously, he is entitled to credit for his time spent at liberty due to DOC's negligence. In response, DOC filed preliminary objections to the Petition, which this court overruled on July 23, 2013. Thereafter, Sweeting filed an application for summary relief, which this court denied on February 19, 2014.

On October 6, 2014, Sweeting filed a motion for judgment on the pleadings.[4] On June 24, 2015, this court denied Sweeting's motion for judgment on the pleadings because the motion contained the same arguments as Sweeting's previously-denied application for summary relief. In its memorandum opinion, this court noted that "Sweeting has alleged nothing new and it . . . appears as though he is now attempting to gain some finality so that he may proceed on his federal habeas corpus [petition]." (Cmwlth. Ct. Op., 6/24/15, at 6.) We explained, however, that because Sweeting's initial Petition was still pending, "the matter will remain active on the docket, unless and until *DOC* moves for dismissal." (*Id.* at 7.) The following day, DOC filed its Application.[5]

---

[4] Before filing his motion for judgment on the pleadings with this court, Sweeting filed a petition for writ of habeas corpus in federal district court. By order dated October 27, 2014, the district court stayed the federal proceedings pending resolution of the state court proceedings.

[5] This court may grant summary relief if the moving party's right to judgment is clear and no material issues of fact are in dispute. *McSpadden v. Department of Corrections*, 886 A.2d 321, 325 (Pa. Cmwlth. 2005); *see* Pa. R.A.P. 1532(b).

In its Application, DOC asserts that Sweeting has not demonstrated a clear legal right to mandamus relief because Sweeting is not entitled to credit for his time spent erroneously at liberty.[6] We agree.

The doctrine of credit for time spent erroneously at liberty has been addressed in several Pennsylvania decisions, beginning with *Jacobs v. Robinson*, 410 A.2d 959 (Pa. Cmwlth. 1980) (*en banc*). In *Jacobs*, the prison authorities released Jacobs early because of a clerical error in recording his sentence. *Id.* at 959. When the prison authorities discovered the error, they took Jacobs back into custody. *Id.* However, they denied Jacobs credit for the time he spent at large in the community under the supervision of probation authorities. *Id.* On appeal, this court held that Jacobs was entitled to credit for the time he was away from prison. *Id.* at 960. We reasoned that "a prisoner cannot be compelled to serve a sentence in installments and has a right to serve his sentence continuously." *Id.* Therefore, because Jacobs' erroneous release was attributable to prison authorities, rather than to any wrongdoing by Jacobs, we concluded that he was entitled to credit for his time spent erroneously at liberty. *Id.*

Subsequently, in *Commonwealth v. Kriston*, 588 A.2d 898, 901 (Pa. 1991), the Pennsylvania Supreme Court held that Kriston was entitled to credit for time served in an electronic home monitoring program. The prison authorities

---

[6] Mandamus is an extraordinary remedy designed to compel the official performance of a ministerial act or mandatory duty. *Saunders v. Department of Corrections*, 749 A.2d 553, 556 (Pa. Cmwlth. 2000). Mandamus will lie "only where (1) the petitioner has a clear legal right to enforce the performance of the act, (2) the defendant has a corresponding duty to perform the act[,] and (3) the petitioner has no other adequate or appropriate remedy." *Id.*

erroneously transferred Kriston from prison into the program due to a misunderstanding regarding "the manner in which a mandatory minimum sentence for driving under the influence of alcohol must be served." *Id.* Applying the "continuous sentence" principle espoused in *Jacobs*, the Supreme Court determined that "the considerations that favor granting credit [in this case] are even stronger than in *Jacobs*." *Id.* The Supreme Court explained that "[b]efore entering the electronic home monitoring program, [Kriston] was *assured* by prison authorities that time spent in the monitoring program would count towards his minimum sentence. Under these circumstances, denying [Kriston] credit for time served in home monitoring would constitute a manifest injustice." *Id.*[7]

More recently, the Pennsylvania Superior Court addressed the issue of credit for time spent erroneously at liberty in *Commonwealth v. Martz*, 42 A.3d 1142 (Pa. Super. 2012).[8] In that case, DOC erroneously released Martz from prison at the conclusion of his four-year sentence because DOC was unaware that he had another consecutive sentence to serve. *Id.* at 1144. Martz was not placed on parole but was released from prison. *Id.* Nineteen months later, DOC realized its error, applied for a bench warrant, and detained Martz. *Id.* At the recommitment hearing, the trial court

---

[7] *But cf. Forbes v. Department of Corrections*, 931 A.2d 88, 93-94 (Pa. Cmwlth. 2007) (holding that DOC's aggregation of Forbes' sentences did not violate his right to serve a continuous sentence, where DOC did not actually release Forbes from prison and Forbes did not request credit for time spent outside of prison), *aff'd*, 946 A.2d 103 (Pa. 2008).

[8] "While recognizing that decisions of our sister Superior Court are not binding upon this Court, we always give great deference to their persuasive wisdom and logic." *In re Superior-Pacific Fund, Inc.*, 693 A.2d 248, 253 (Pa. Cmwlth. 1997).

awarded Martz credit for his time spent erroneously at liberty, citing the "continuous sentence" principle. *Id.* at 1144-45.

On appeal, the Superior Court reversed. The Superior Court began by noting that the doctrine of "credit for time served is generally reserved for situations where the defendant is 'in custody.'" *Id.* at 1145; *see* 42 Pa. C.S. §9760(1). The Superior Court also examined prior Pennsylvania cases applying the doctrine of credit for time spent erroneously at liberty, including *Jacobs* and *Kriston*. Although it acknowledged that Martz had a right to serve his sentence continuously, the Superior Court emphasized that Martz "remained completely free, without any restrictions, from the time he was erroneously released from prison until the time he was later detained." *Martz*, 42 A.3d at 1149. Moreover, the prison authorities never assured Martz that he would be credited for his time spent at liberty. *Id.* Therefore, the Superior Court concluded that, unlike *Jacobs* and *Kriston*, "there [were] no equitable concerns entitling [Martz] to credit for the time he was erroneously at liberty." *Id.*; *see also Commonwealth v. Blair*, 699 A.2d 738, 743-44 (Pa. Super. 1997) (holding that Blair, who was free on bond pending appeal and had not begun serving his sentence, was not entitled to credit for time spent erroneously at liberty, where Blair was truly free and was neither on probation, as in *Jacobs*, nor in a home monitoring program, as in *Kriston*).

Here, it is undisputed that DOC erroneously released Sweeting from prison due to its own negligence. From November 30, 1998, to May 28, 1999, Sweeting remained completely at liberty and was not under the supervision of probation authorities or "in custody" in any way. For this reason, this case is

6

factually distinguishable from *Jacobs* and *Kriston* and similar to *Martz*, which we find persuasive. Therefore, we conclude that Sweeting is not entitled to credit for his time spent erroneously at liberty from November 30, 1998, to May 28, 1999.

We also conclude that Sweeting is not entitled to credit for the period from May 28, 1999, to February 7, 2005. Sweeting's time spent in custody from May 28, 1999, to February 3, 2000, was previously credited toward his federal sentence, and he served his federal sentence from February 3, 2000, to February 7, 2005. Thus, none of that time can be credited toward Sweeting's state sentence. *See Barndt v. Pennsylvania Department of Corrections*, 902 A.2d 589, 595-96 (Pa. Cmwlth. 2006) (recognizing that credit for time served cannot be awarded twice).

Accordingly, we grant DOC's Application and dismiss Sweeting's Petition.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bret Sweeting,                                    :
                                                 : No. 21 M.D. 2013
                        Petitioner               :
                                                 :
              v.                                  :
                                                 :
Department of Corrections and                    :
Pennsylvania Board of Probation                  :
and Parole,                                       :
                                                 :
                        Respondents              :


O R D E R


AND NOW, this 18th day of April, 2016, we hereby grant the Department of Corrections' application for summary relief and dismiss Bret Sweeting's petition for a writ of mandamus.


_____
ROCHELLE S. FRIEDMAN, Senior Judge