# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Jacob, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 429 M.D. 2019 |
| | : | Submitted: November 22, 2019 |
| Commonwealth of Pennsylvania, | : | |
| Department of Corrections, | : | |
| Respondent | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**              **FILED: May 8, 2020**

Presently before the Court in its original jurisdiction is the preliminary objection in the nature of a demurrer (the Demurrer) of the Commonwealth of Pennsylvania, Department of Corrections (DOC), to the Petition for Writ of Mandamus (Petition) filed, pro se, by John Jacob (Petitioner), an inmate at the State Correctional Institution at Fayette. For the reasons that follow, we sustain the Demurrer and dismiss the Petition.

## I.    The Petition

On July 29, 2019, Petitioner filed the Petition, therein making the following factual allegations. Petitioner, while a juvenile, received a sentence of life without

parole (1999 Sentence). (Petition ¶¶ 4, 9.) Thereafter, in 2002, Petitioner received an additional sentence of 1½ to 5 years' incarceration, which the sentencing judge ordered to be served consecutive to the 1999 Sentence (2002 Sentence). (*Id.* ¶¶ 7, 9.) In 2018, pursuant to *Miller v. Alabama*, 567 U.S. 460, 479 (2012) (holding that the Eighth Amendment to the United States Constitution, U.S. CONST. AMEND. VIII, "forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders"), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) (setting forth that *Miller* applies retroactively), Petitioner's 1999 Sentence was vacated and he was resentenced to 30 years to life in prison (2018 Sentence), which the resentencing judge ordered to be served consecutive to the 2002 Sentence. (Petition ¶¶ 4, 8.)

Attached to the Petition are a number of documents, including a resentencing order (Resentencing Order) from the Court of Common Pleas of Philadelphia County (resentencing court) dated September 19, 2018. The Resentencing Order reflects that the resentencing court vacated Petitioner's 1999 Sentence and resentenced Petitioner to 30 years to life in prison, which the resentencing court ordered to be served consecutive to the 2002 Sentence. (*Id.*, Attachment A at 4.) The resentencing court awarded Petitioner credit towards the 2018 Sentence for the time he served under the original 1999 Sentence. (*Id.*)

Petitioner further alleges that as a result of his resentencing, DOC issued "a new DC16E – Sentence Status Summary" (Sentence Summary) on October 2, 2018. (*Id.* ¶ 5.) The Sentence Summary is attached to the Petition. The Sentence Summary reflects that on January 22, 2002, Petitioner received the 2002 Sentence and that on September 19, 2018, he was resentenced on the 1999 Sentence and received the 2018 Sentence. (*Id.*, Attachment A at 1.) The Sentence Summary further reflects that

Petitioner has a controlling minimum date of December 22, 2032, and a controlling maximum date of life. (*Id.*) As to his sentence structure, the Sentence Summary lists Petitioner as having served the 2002 Sentence from January 22, 2002, to January 22, 2007, and lists that sentence as "[c]ompleted" and "[i]nactive." (*Id.* at 2.) With respect to the 2018 Sentence, the Sentence Summary lists that sentence as "[a]ctive" and that Petitioner was awarded credit towards that sentence for the periods of December 21, 1997, to January 21, 2002, and January 23, 2007, to September 19, 2018.

Petitioner filed grievances with DOC regarding his sentence structure and controlling minimum date, which are attached to the Petition. In the attached documents filed with DOC, Petitioner alleged that his 2002 Sentence should run consecutive to the 2018 Sentence and that by structuring his sentence in the way it has, DOC effectively deprived him of his right to seek parole on the 2002 Sentence; therefore, his controlling minimum date should be in 2027 and not 2032. (*Id.*, Attachments B-C, E, G.) DOC denied Petitioner's challenges to his sentence structure and controlling minimum date. Thereafter Petitioner filed the instant Petition in our original jurisdiction.

In his Petition, Petitioner contends that after resentencing his sentence structure, as set forth by DOC in the Sentence Summary,

> has now become an interrupted timeline that shows him serving . . . [the 2018 S]entence from December 21, 1997[,] to January 21, 2002[,] then stopping to serve . . . [the 2002 Sentence] from January 22, 2002[,] to January 22, 2007[,] before resuming the [2018 Sentence] on January 23, 2007[,] and serving that sentence until today.

(*Id.* ¶ 9.) In light of the foregoing sentence structure, Petitioner asserts that pursuant to Section 9757 of the Sentencing Code, 42 Pa.C.S. § 9757 (providing that

"[w]henever [a] court determines that a sentence should be served consecutively to one being then imposed by the court . . . the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed"), "DOC has a mandatory duty to aggregate all consecutive sentences." (*Id.* ¶ 10.) Petitioner further asserts, citing *Commonwealth v. Kriston*, 588 A.2d 898, 901 (Pa. 1991), and *Jacobs v. Robinson*, 410 A.2d 959, 960 (Pa. Cmwlth. 1980) (concluding that "a prisoner cannot be compelled to serve a sentence in installments and has a right to serve his sentence continuously"), he "has a right to serve his sentence continuously rather than in installments." (Petition ¶ 10.) "By structuring [his] sentence in the way it has," Petitioner argues, "DOC has essentially compelled Petitioner to serve the entire 5 years [of the 2002 Sentence] and effectively deprived Petitioner of the opportunity to be reviewed for parole on [the 2002 S]entence after 1 ½ years." (*Id.* ¶ 11; *see Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319, 321 n.2 (Pa. 1999) (holding that while "[a] prisoner has no right to be released from prison on parole upon the expiration of the prisoner's minimum term," "[a] prisoner has [] a right to apply for parole at the expiration of [the prisoner's] minimum term").)

Petitioner concludes that by structuring his sentence the way it has, DOC "turned what should have been a 31 ½ years to [l]ife [sentence] into [a] 35 years to [l]ife [sentence]," and therefore, his "sentence should be restructured in a manner that honor[]s . . . [the] initial intent to run the [2002 Sentence] consecutively to the [1999 S]entence or, in the alternative, that the [2002 S]entence be vacated and the matter remanded . . . for resentencing." (Petition ¶¶ 12-13.) Petitioner contends that "he has no other adequate remedy at law [] unless a mandamus is issued instructing the DOC to properly calculate his prison time." (*Id.* ¶¶ 14, 16.) Accordingly,

4

Petitioner seeks mandamus relief in the form of an order compelling DOC to properly compute his sentence. (*Id.* at 15 (citing *Saunders v. Dep't of Corr.*, 749 A.2d 553, 556 (Pa. Cmwlth. 2000) (setting forth that "a writ of mandamus may be used to compel [] D[OC] to compute a prisoner's sentence properly")), Wherefore Clause.)

## II. The Demurrer

In response to the Petition, DOC filed the pending Demurrer and a brief in support of its Demurrer. DOC demurs on the following basis: "Petitioner has failed to establish a clear legal right to the relief he seeks because the records appended to his Petition reflect that [] D[OC] has accurately calculated his sentences." (Demurrer ¶ 20.) DOC asserts that when Petitioner's 1999 Sentence was vacated by the Resentencing Order, the 2002 Sentence "became effective retroactive to January 22, 2002, the day it was imposed," because the resentencing court ordered the 2018 Sentence to run consecutive to the 2002 Sentence. (*Id.* ¶¶ 24, 26.) The 2002 Sentence, DOC contends, then "immediately expired, having reached the maximum sentence expiration date of January 22, 2007." (*Id.* ¶ 25.) As such, DOC argues that it did not err in computing Petitioner's controlling minimum date and that the Sentence Summary accurately reflects that "Petitioner's minimum sentence expiration date is . . . December 22, 2032, corresponding to the [2018 S]entence imposed on September 19, 2018." (*Id.* ¶ 29.) Accordingly, DOC concludes that its Demurrer should be sustained, and the Petition should be dismissed as legally insufficient.

Petitioner filed an Answer to the Demurrer denying the ultimate conclusions reached by DOC. Petitioner also filed a brief, therein making substantially the same arguments set forth in his Petition.

## III.  Discussion

Pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(4), preliminary objections may be filed, in relevant part, on the grounds of "legal insufficiency of a pleading (demurrer)." Pa.R.C.P. No. 1028(a)(4). When examining preliminary objections, we must confine our review to the pleadings themselves and any documents or exhibits attached thereto. *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014). We must accept as true all well-pled facts that are material and all inferences reasonably deducible from the facts. *Pa. Indep. Oil & Gas Ass'n v. Dep't of Envtl. Prot.*, 135 A.3d 1118, 1123 (Pa. Cmwlth. 2015) (quoting *Guarrasi v. Scott*, 25 A.3d 394, 400 n.5 (Pa. Cmwlth. 2011)). However, we are "not required to accept as true conclusions of law, unwarranted factual inferences, argumentative allegations, or expressions of opinion." *Funk v. Dep't of Envtl. Prot.*, 71 A.3d 1097, 1101 n.4 (Pa. Cmwlth. 2013). Preliminary objections in the form of a "demurrer must be sustained where it is clear and free from doubt the law will not permit recovery under the alleged facts; any doubt must be resolved by a refusal to sustain the demurrer." *Allen*, 103 A.3d at 369.

A writ of mandamus, such as the present Petition,

is an extraordinary remedy at common law, designed to compel the performance of a ministerial act or mandatory duty. The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure. This Court may only issue a writ of mandamus where: (1) the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty; (2) the [respondent] possesses a corresponding duty to perform the act;

and, (3) the petitioner possesses no other adequate or appropriate remedy. Mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases.

*Id.* at 369-70 (internal quotation marks and citations omitted). It is well settled that "mandamus is an appropriate remedy to correct an error in DOC's computation of maximum and minimum dates of confinement where the sentencing order clearly gives the inmate credit for the time period in question and DOC's computation does not comply with that credit." *Id.* at 370. With these principles in mind, we turn to the Petition and the Demurrer.

In his Petition, Petitioner essentially argues that his sentence should be restructured so that the 2002 Sentence runs consecutive to the 2018 Sentence, and not vice versa. However, DOC had no choice but to structure Petitioner's sentence as it did because, when Petitioner was resentenced, the resentencing court ordered the 2018 Sentence to run **consecutive** to the 2002 Sentence. (Petition, Attachment A at 4.) "The law is clear that DOC is 'an executive branch agency that is charged with faithfully implementing sentences imposed by the courts.'" *Allen*, 103 A.3d at 372 (quoting *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1133 (Pa. 2005)). As such, DOC is charged with implementing the Resentencing Order as written.

Similar to this case, the petitioner in *Powell v. Pennsylvania Department of Corrections*, 14 A.3d 912 (Pa. Cmwlth. 2011), filed a petition for review and a subsequent application for summary relief, seeking a writ of mandamus to compel DOC to restructure his sentence. The petitioner in *Powell* argued that his sentence should be structured so that one of his sentences ran concurrently to two others. In reviewing the petition, we noted that DOC must implement sentences as imposed by the courts and that, when interpreting a sentencing order, it "is to be construed so as to give effect to the intention of the sentencing judge." *Id.* at 915 (citation omitted).

7

"[T]o determine this intention th[is] [C]ourt will limit itself to the language of the judgment despite . . . statements of the sentencing judge which are not incorporated in it." *Id.* at 915-16 (citation omitted). We further observed that

> [t]he only sentence known to the law is the sentence or judgment entered upon the records of the court. If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth. But the judgment imports verity when collaterally assailed. Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebuttable presumption. In any collateral inquiry, a court will close its ears to a suggestion that the sentence entered in the minutes is something other than the authentic expression of the sentence of the judge.

*Id.* at 916 (citation omitted). Upon review, we granted the application for summary relief, reasoning that the sentencing judge's order directed the sentence he imposed to be served concurrently with the petitioner's other two sentences. *Id.* at 919.

In the present matter, DOC was required to structure Petitioner's sentence so that the 2018 Sentence runs **consecutive** to the 2002 Sentence. As in *Powell*, this is because DOC is charged with implementing sentences imposed by the courts and because the resentencing court, in the plain language of the Resentencing Order, ordered the 2018 Sentence to be served consecutive to the 2002 Sentence. *See Allen*, 103 A.3d at 372 (citation omitted); *Powell*, 14 A.3d at 915-16 (citation omitted). This Court does not have the authority to compel DOC to restructure Petitioner's sentence, as Petitioner requests, because Section 9721(a) of the Sentencing Code, 42 Pa.C.S. § 9721(a), "affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa.

Super. 2014).[1] Challenges to "the discretionary aspects of sentencing must be raised in a post-sentence motion," pursuant to Pennsylvania Rule of Criminal Procedure 720, Pa.R.Crim.P. 720, "or by raising the claim during the sentencing proceedings." *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003). This action is collateral to that of the 2018 Sentence. As such, the sentence structure set forth in the Resentencing Order is controlling until altered in a direct action, such as at a sentencing hearing or in a post-sentence motion. *See Powell*, 14 A.3d at 916. Therefore, Petitioner's arguments challenging the manner in which DOC structured his sentence, which is consistent with the plain language of the Resentencing Order, should have been raised before the resentencing court at the resentencing hearing or in a post-sentence motion after the issuance of the Resentencing Order, not in an action seeking mandamus. *See Allen*, 103 A.3d at 370.

As to Petitioner's arguments regarding his sentence structure violating his right to serve the 2018 Sentence uninterrupted, these arguments are not supported by precedent. Petitioner contends that his service of the 2018 Sentence was interrupted and, citing *Kriston* and *Jacobs*, he argues that he "has a right to serve [the 2018 Sentence] continuously rather than installments." (Petition ¶ 10.) Specifically, Petitioner contends that he served the 2018 Sentence from December 21, 1997, to January 21, 2002, then stopped to serve the 2002 Sentence from January 22, 2002, to January 22, 2007, before resuming the 2018 Sentence. (*Id.* ¶ 9.) However, the Sentence Summary reflects that Petitioner's service of the 2018 Sentence **has not been interrupted** since it was imposed by the resentencing court. In 1999, Petitioner received the original 1999 Sentence. Thereafter, he received the

---

[1] While not controlling on this Court, we may cite to decisions of the Pennsylvania Superior Court for their persuasive value. *A.S. v. Pa. State Police*, 87 A.3d 914, 919 n.9 (Pa. Cmwlth. 2014).

2002 Sentence, which the sentencing judge ordered to run consecutive to the 1999 Sentence. In 2018, the 1999 Sentence was vacated and the 2018 Sentence was imposed, which the resentencing court ordered to run consecutive to the 2002 Sentence. Due to its retroactive application, the 2002 Sentence expired once the 1999 Sentence was vacated in 2018, as the maximum sentence for the 2002 Sentence had already expired; therefore, the 2018 Sentence necessarily became effective immediately upon the date Petitioner was resentenced. Meaning, Petitioner's 2018 Sentence began to run on September 19, 2018. *See Commonwealth v. Serrano*, 150 A.3d 470, 473 (Pa. Super. 2016) ("[w]hen a sentence is vacated and the case is remanded to the sentencing court for resentencing, the" new sentence starts afresh) (quoting *Commonwealth v. Jones*, 640 A.2d 914, 919-920 (Pa. Super. 1994)). Therefore, contrary to Petitioner's assertion, the Sentence Summary reflects his 2018 Sentence has not been interrupted since it was imposed.

To the extent that Petitioner is arguing his rights were violated by the fact that there is a gap in the credit afforded to him for his service of the 1999 Sentence by his service of the 2002 Sentence, Petitioner's arguments are again not persuasive. Pursuant to the Resentencing Order, Petitioner received credit for the time he spent in confinement on the 1999 Sentence. Specifically, Petitioner received credit for the periods of December 21, 1997, to January 21, 2002, and January 23, 2007, to September 19, 2018. Thus, while it is clear that the credit Petitioner received was interrupted by his service of the 2002 Sentence, this does not invoke an inmate's right to serve a sentence without interruption because no sentence is being interrupted. The cases Petitioner cites in the Petition, *Kriston* and *Jacobs*, do not stand for the proposition that a petitioner's rights are violated by a gap in credit awarded towards another sentence. Both *Kriston* and *Jacobs* involve the issue of

10

whether inmates that were erroneously released from confinement should receive credit towards their sentence for the period they were erroneously released. In both cases, the courts concluded that the inmates should receive credit for the period of their erroneous release, reasoning, in part, that inmates have a right to serve their sentences continuously and without interruption. *Kriston*, 588 A.2d at 901; *Jacobs*, 410 A.2d at 959-60. The facts of *Kriston* and *Jacobs* are far different than the facts of this case, and neither *Kriston* nor *Jacobs* support the notion that an inmate's rights are violated by a gap in credit received for application towards another sentence versus a gap in service of a sentence.

Petitioner also argues that by structuring his sentence so that the 2018 Sentence is consecutive to the 2002 Sentence, DOC has deprived him of his right to seek parole on the 2002 Sentence because that sentence has already expired. Petitioner contends that by structuring his sentence this way and depriving him of an opportunity to seek parole on the 2002 Sentence, DOC transformed his aggregate sentence from "what should have been a 31 ½ to Life into 35 years to Life." (Petition ¶ 12.) Petitioner's arguments regarding being deprived of his right to seek parole on the 2002 Sentence go to the issue of his sentence structure. Thus, as set forth above, these arguments should have been directed to the resentencing court at the resentencing hearing or in a post-sentence motion filed after its issuance of the Resentencing Order.

Accepting as true the material allegations set forth in the Petition and the documents attached thereto, as we must, we conclude that "it is clear and free from doubt" that the Petition "will not permit recovery under the alleged facts." *Allen*, 103 A.3d at 369. The arguments Petitioner raises in the Petition should have been directed to the resentencing court at resentencing or in a post-sentence motion

11

following its issuance of the Resentencing Order and not in this action in mandamus because DOC's Sentence Summary merely reflects the directives set forth in the Resentencing Order.

## IV. Conclusion

For the foregoing reasons, we sustain DOC's Demurrer and dismiss the Petition.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Jacob, :
              Petitioner :
  :
        v. : No. 429 M.D. 2019
  :
Commonwealth of Pennsylvania, :
Department of Corrections, :
             Respondent :

# **O R D E R**

**NOW**, May 8, 2020, the Commonwealth of Pennsylvania, Department of Corrections' Preliminary Objection to John Jacob's Petition for Writ of Mandamus (Petition) is **SUSTAINED**. Accordingly, the Petition is hereby **DISMISSED**.

_____
**RENÉE COHN JUBELIRER,** Judge