J-S73044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DERECK MARTZ, | : | |
| | : | |
| Appellant | : | No. 742 MDA 2014 |

Appeal from the PCRA Order entered on April 3,2014
in the Court of Common Pleas of Montour County,
Criminal Division, No. CP-47-CR-0000205-2003

BEFORE:  BOWES, WECHT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED JANUARY 13, 2015**

Derek Martz ("Martz") appeals from the Order denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We remand for a determination as to whether Martz is currently serving a sentence of imprisonment, probation or parole for the crimes he committed, and retain jurisdiction over his appeal.

The PCRA court set forth the relevant factual background and procedural history as follows:

> On June 22, 2005, [Martz] was found guilty by a jury of one count of Indecent Assault (18 Pa.[C.]S.A. [§] 3126(a)(7)[)] and one count of Corruption of a Minor [(]18 Pa.[C.]S.A. [§] 6301(a)(1)).  [Martz] was sentenced on February 22, 2006, by former Judge Scott Naus to twelve (12) months to forty-eight (48) months on each count to run consecutively.  The former judge amended the sentence [in] August 2006, to concurrent sentences.  The amended sentence was reversed by the Superior

---
[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

Court and the original February 22, 2006, sentence was reinstated.

[Martz] filed a [P]etition for relief under the [PCRA].[2] [PCRA c]ounsel was appointed for [Martz]. After [a] hearing held on April 3, 2014, the PCRA [P]etition was denied by [O]rder dated [] April 3, 2014.

PCRA Court Opinion, 6/19/14, at 1-2 (footnote added).

Martz filed a timely Notice of appeal and a court-ordered Concise Statement of Matters Complained of on Appeal.

On appeal, Martz raises the following issues for our review:

1. Did the [PCRA] court commit an error of law in not finding trial counsel ineffective for failing to request a **Kloiber**[3] cautionary instruction before the jury[,] in violation of [Martz's] Sixth Amendment and Fourteenth Amendment rights?

2. Did the [PCRA] court commit an error of law in failing to find trial counsel ineffective for failing to notify the court about prosecutorial misconduct of the Montour County District Attorney, Robert Buehner?

3. Did the [PCRA] court commit an error of law in failing to find trial counsel ineffective for stipulating to the results of the Sexual Offender's Assessment Report and allowing the facts

---

[2] Martz, *pro se*, initially filed his PCRA Petition in January of 2008. However, the PCRA court dismissed his Petition in 2010, without reaching the merits. This Court vacated the Order dismissing Martz's PCRA Petition, and remanded for further PCRA proceedings. **See Commonwealth v. Martz**, No. 1137 MDA 2010 (Pa. Super. filed 10/6/11) (unpublished judgment order). However, following remand, the Commonwealth filed an appeal regarding Martz's judgment of sentence. **See Commonwealth v. Martz**, 42 A.3d 1142 (Pa. Super. 2012), **appeal denied**, 57 A.3d 69 (Pa. 2012). Nevertheless, the record is silent as to why the PCRA court did not address Martz's PCRA Petition until November of 2013.

[3] **Commonwealth v. Kloiber**, 106 A.2d 820 (Pa. 1954).

into evidence which were used as factors by the sentencing judge when imposing his sentence upon [Martz]?

4. Did the [PCRA] court commit an error of law in failing to find appellate counsel ineffective when it failed to address the lack of a certified record on appeal of the trial transcript, which resulted in the dismissal of [Martz's] direct appeal?

Brief for Appellant at 4 (capitalization omitted, footnote added).

Preliminarily, we must determine if this Court has jurisdiction over Martz's appeal. To be eligible for relief under the PCRA, a petitioner must satisfy the statutory requirements at both the time he files the petition *and at the time that relief is due*. **See Commonwealth v. Judge**, 797 A.2d 250, 257 n.14 (Pa. 2002). One such requirement is that the petitioner is "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as a petitioner's sentence is completed, he becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. **See Commonwealth v. Hart**, 911 A.2d 939, 942 (Pa. Super. 2006). If a petitioner is no longer serving a sentence for which relief could be granted, this Court lacks jurisdiction over the matter, and the petition must be dismissed. **See Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997) (holding that the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of 9543(a)(1)(i), and that, to grant relief at a time when appellant is *not* currently serving such a sentence would be to ignore the language of the statute).

Here, Martz was convicted in June of 2005, and thereafter sentenced to serve an aggregate sentence of two to eight years in prison. Even if Martz served the maximum length of the sentence imposed, he may no longer be serving a sentence of imprisonment, probation or parole for the crimes he committed.[4] Accordingly, within thirty days of the date this Memorandum is filed, we direct the PCRA court to determine whether Martz is currently serving a sentence of imprisonment, probation or parole for the crimes he committed.[5]

Case remanded for a determination by the PCRA court consistent with this Memorandum; Panel jurisdiction retained.

---

[4] We recognize that Martz was inadvertently released from prison in 2010, and was at liberty for a period of approximately nine months before the error was detected. Martz was subsequently rearrested and recommitted to serve the remainder of his sentence. However, even factoring in this time period, we believe that Martz may have completed his sentence.

[5] We observe that the Commonwealth asserts that Martz completed his sentence for his conviction of indecent assault in 2010, and thus is ineligible for PCRA relief as to that claim. *See* Brief for Commonwealth at 11.