J-S73044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :       IN THE SUPERIOR COURT OF
                                            :                PENNSYLVANIA
                  Appellee       :
                                              :
                 v.                   :
                                              :
DERECK MARTZ,                        :
                                            :
                Appellant      :            No. 742 MDA 2014

Appeal from the PCRA Order entered on April 10, 2014
in the Court of Common Pleas of Montour County,
Criminal Division, No. CP-47-CR-0000205-2003

BEFORE: BOWES, WECHT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED MARCH 31, 2015**

Dereck Martz ("Martz") appeals from the Order denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

This Court set forth the relevant procedural history in a prior Opinion, as follows:

> On June 22, 2005, a jury convicted [Martz] on one count of indecent assault, 18 Pa.C.S.A. § 3126(a)(7), and one count of corruption of minors, 18 Pa.C.S.A. § 6301(a)(1), in connection with his sexual assault of an eleven-year-old girl. On February 22, 2006, the trial court sentenced [Martz] to one year to four years in prison for indecent assault, and one year to four years in prison for corruption of minors, the sentences to run consecutively. Thus, [Martz]'s aggregate sentence was two years to eight years in prison. Additionally, the trial court found [Martz] to be a sexually violent predator for Pennsylvania's Megan's Law III purposes.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

On August 10, 2006, the trial court filed an amended sentencing [O]rder indicating [that Martz]'s sentences were to run concurrently, resulting in a reduced aggregate sentence of one year to four years in prison. On direct appeal, this Court affirmed [Martz]'s conviction[,] but held the trial court erred when it filed its amended sentencing [O]rder reducing [Martz]'s sentence. ***Commonwealth v. Martz***, 2007 PA Super 165, 926 A.2d 514 (Pa. Super. 2007). Therefore, on June 25, 2007, upon remand, the trial court reinstated [Martz]'s original sentence [whereby Martz] was to serve his sentences consecutively, thus resulting in an aggregate [sentence] of two years to eight years in prison. However, after the trial court reinstated [Martz]'s original sentence, for unknown reasons, the Montour County Clerk of Courts failed to transmit the June 25, 2007 sentencing [O]rder to the Pennsylvania Department of Corrections (the DOC).

On January 18, 2008, [Martz] filed a [P]etition under the [PCRA]. However, during the pendency of his [P]etition, unaware [Martz]'s sentences were to run consecutively, the DOC released [Martz] from custody on January 21, 2010, at the end of his maximum four-year "concurrent" sentence. That is, [Martz] was not placed on parole; but rather, he was released from prison after he "maxed out" his August 10, 2006 sentence, which imposed concurrent sentences, as opposed to his reinstated June 25, 2007 sentence, which imposed consecutive sentences.

Believing [Martz] was no longer eligible for relief since he was not "currently serving a sentence of imprisonment, probation, or parole for the crime," 42 Pa.C.S.A. § 9543(a)(1)(i), the Commonwealth moved to dismiss [Martz]'s PCRA [P]etition. On June 22, 2010, the PCRA court granted the Commonwealth's [M]otion, thereby dismissing [Martz]'s PCRA [P]etition without reaching the merits thereof. On July 12, 2010, [Martz] filed a [N]otice of [A]ppeal to this Court.

Subsequently, on August 11, 2011, the Commonwealth discovered the Clerk of Courts had failed to send the June 25, 2007 re-sentencing [O]rder to the DOC, and therefore, [Martz] had been mistakenly released from prison before the completion of his sentence. As a result, the Commonwealth applied for a bench warrant, and, on August 12, 2011, [Martz] was detained. On September 1, 2011, following a hearing, the trial court recommitted [Martz] to serve the remainder of his sentence under the terms of the June 25, 2007 re-sentencing [O]rder.

However, the trial court gave [Martz] credit for "time served" from January 21, 2010, when he was mistakenly released from prison due to an apparent clerical error, until September 1, 2011, when he was recommitted to serve the remainder of his sentence. The Commonwealth filed a [N]otice of [A]ppeal to this Court, arguing in its timely-filed court-ordered Pa.R.A.P. 1925(b) [S]tatement that the trial court imposed an illegal sentence on September 1, 2011, when it gave [Martz] credit for "time served" while he was at liberty.

*Commonwealth v. Martz*, 42 A.3d 1142, 1143-44 (Pa. Super. 2012) (footnotes omitted).

Subsequently, this Court vacated the portion of the trial court's sentencing Order pertaining to credit for time served during the period in which Martz was erroneously at liberty. *Id*. at 1151. Additionally, upon joint Motion of the Commonwealth and Martz, this Court vacated the PCRA court's Order dismissing Martz's PCRA Petition, and remanded for further PCRA proceedings. Upon remand, Martz filed an amended PCRA Petition. Following an evidentiary hearing, the PCRA court denied Martz's Petition on April 10, 2014. Thereafter, Martz filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Martz raises the following issues for our review:

1. Did the [PCRA] court commit an error of law in not finding trial counsel ineffective for failing to request a *Kloiber*[2] cautionary instruction before the jury[,] in violation of [Martz's] Sixth Amendment and Fourteenth Amendment rights?

---

[2] *Commonwealth v. Kloiber*, 106 A.2d 820 (Pa. 1954).

- 3 -

2. Did the [PCRA] court commit an error of law in failing to find trial counsel ineffective for failing to notify the court about prosecutorial misconduct of the Montour County District Attorney, Robert Buehner?

3. Did the [PCRA] court commit an error of law in failing to find trial counsel ineffective for stipulating to the results of the Sexual Offender's Assessment [Board ("SOAB")] Report[,] and allowing the facts into evidence[,] which were used as factors by the sentencing judge when imposing his sentence upon [Martz]?

4. Did the [PCRA] court commit an error of law in failing to find appellate counsel ineffective when [counsel] failed to address the lack of a certified record on appeal of the trial transcript, which resulted in the dismissal of [Martz's] direct appeal?

Brief for Appellant at 4 (capitalization omitted, footnote added).

In reviewing the denial of a PCRA Petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007) (citations omitted).

Here, Martz has not divided his brief into parts or provided, "at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein." Pa.R.A.P. 2119(a). Martz has not provided sufficient "discussion" relating to any of his issues, nor any "citation of authorities" to support them. *See id*.; *see also* Pa.R.A.P. 2119(b). Although Martz raises claims which pertain to events that occurred during trial, he has failed to make any "reference to the place[s] in the record where the matter[s] referred to appear[]." Pa.R.A.P. 2119(c). Finally, Martz makes vague, conclusory statements regarding his claims, without providing

- 4 -

sufficient detail to permit meaningful appellate review. Pa.R.A.P. 2119(d) (stating that "the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found.").

This Court will not make Martz's arguments for him. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of [an appellate court] to formulate [a]ppellant's arguments for him.") (internal citations omitted). Because our review of Martz's brief on appeal reveals that he has provided insufficient explanation, authority, or analysis for his claims, they are waived on appeal for lack of development. *See Commonwealth v. Rahman*, 75 A.3d 497, 504 (Pa. Super. 2013).

Nevertheless, had we not found waiver, we would have determined that Martz's claims lack merit. To succeed on an ineffectiveness claim, Martz must demonstrate by the preponderance of the evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

*Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to be effective and the burden is on the appellant to prove otherwise. *Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011).

As to Martz's first issue, he has failed to establish that counsel was ineffective for failing to request a *Kloiber* instruction, as the evidence of record reveals that the child victim positively identified Martz as being in her bedroom before she fell asleep, and Martz did not contest that he had been in the victim's bedroom on several occasions and had slept there at night. *See* N.T., 4/3/14, at 35-37, 43-44; *see also Kloiber*, 106 A.2d 826-27 (stating that the court should warn the jury that the testimony as to identity must be received with caution where the witness "is not positive as to identity" or has failed "to identify defendant on one or more prior occasions."). Thus, no *Kloiber* instruction was warranted.

With respect to Martz's second claim, he has failed to establish that trial counsel was ineffective for failing to report alleged prosecutorial misconduct, as the evidence of record reveals that counsel testified that, "no matter what[,]" he was not going to call Julie Hidlay to testify at trial. *See* N.T., 4/3/14, at 37-38. Thus, even if the prosecutor had instructed Ms. Hidlay not to respond to a subpoena, no prejudice resulted to Martz.

As to Martz's third claim, he has failed to establish that there was no reasonable basis for trial counsel's stipulation to the admission of the SOAB report, as the evidence of record reveals that the author of the report was

present at trial to authenticate the report, trial counsel objected to the factual inaccuracies in the report, and trial counsel feared that raising an objection to the admissibility of the report might have had a negative impact on the additional child rape charges that Martz was facing at the time of trial. *See* N.T., 4/3/14, at 44-46.

As to Martz's final claim, Martz has failed to provide any explanation as to how the outcome of his direct appeal would have been different if appellate counsel had ordered a copy of the trial transcript. Thus, had we not found waiver, we would have concluded that Martz has failed to establish the ineffectiveness of appellate counsel.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2015