J-S14010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH L. WILSON | : | |
| | : | |
| Appellant | : | No. 1009 WDA 2021 |

Appeal from the Judgment of Sentence Entered May 25, 2021
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0003983-2019

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: AUGUST 8, 2022**

Kenneth L. Wilson appeals from the judgment of sentence imposed following his convictions for tampering with public records or information, theft by deception, theft of services, and tampering with records or identification.[1] He claims that the trial court erred in its calculation of credit for time served. We affirm.

Wilson pled guilty on July 24, 2020, to the above-referenced offenses. At sentencing, defense counsel asked for credit for time served. He suggested to the court that credit for Wilson began on August 29, 2019, when his $50,000 unsecured bond was changed to a monetary bond. N.T., Sentencing,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 4911(a)(3), 3922(a)(1), 3926(a)(1), and 4104(a), respectively.

5/25/21, at 4.[2] He stated that Wilson was entitled to credit from August 29, 2019 to July 27, 2020, when his bond reverted to unsecured. *Id.* The Commonwealth countered that Wilson was not entitled to credit for time served from August 2019 to April 8, 2020. *Id.* at 18. It argued during that period Wilson was serving a sentence for another case in Bucks and Montgomery County and therefore any credit for that time went to those sentences. *Id.*[3] The Commonwealth also stated that Wilson had served a sentence in Burlington, New Jersey, but maintained that any credit for that period had already been applied. *Id.* at 20. It argued that "[t]he only time he has credit for is the date that they released him to wait for the sheriffs. It can't be more than two weeks." *Id.* at 21.

The trial court imposed an aggregate sentence of two to four years' incarceration followed by a consecutive term of three years reporting probation. It stated "[a]s far as the prior credit for time served, the Department of Corrections will calculate and give [Wilson] credit for whatever time he's entitled to." *Id.* at 27. On the sentencing order, the court noted that the Department of Corrections ("DOC") should determine credit for time served.

---

[2] Wilson's original sentencing hearing was scheduled for October 22, 2020, but Wilson failed to appear.

[3] Bucks County sentenced Wilson on August 1, 2019, to 11 months and 29 days to 20 months and 29 days followed by four years of reporting probation. N.T., Sentencing, at 19. He was granted parole on April 8, 2020. *Id.*

Wilson filed a post-sentence motion, arguing that he was entitled to credit for time served from August 29, 2019 to July 24, 2020. *See* Defendant's Motion for Sentence Reconsideration, filed 6/4/2021. He argued that the court erred in ordering the DOC to calculate the credit. He also argued that the court "must have assessed credit for time served at the sentencing and placed the days of credit on the sentencing order." *Id.* at ¶ 11.

At a hearing on the motion, defense counsel argued that Wilson was entitled to credit for two periods, one of 334 days and another of 79 days. N.T., Post-Sentence Motion Hearing, 8/5/21, at 7.[4] The 334 days was for the period from the date his bail bond became secured to the date it reverted to being unsecured, that is, August 29, 2019 to July 27, 2020. *Id.* at 5. The 79 days was for the time from his incarceration for the instant case until the post-sentence motion hearing, that is, from May 19, 2021 to August 5, 2021. *Id.* at 7. He also argued that the court should determine his credit for time served, not the DOC. *Id.* at 4.

The Commonwealth argued that Wilson was entitled to credit from August 29, 2019 to September 11, 2019, and from May 19, 2021, to the date of the hearing. *Id.* at 10, 13. It argued that if the court gave Wilson credit for time outside of these periods, it would be granting double credit to Wilson. *Id.* at 13. It also argued that Wilson was never in prison for the instant case

---

[4] The trial court notes that Wilson's bond changed to unsecured on July 24, 2020, not July 27. *See* Rule 1925(a) Opinion ("1925(a) Op."), filed 10/6/21, at 2 n.1. This date change would amount to 331 days instead of the 334 days suggested by defense counsel. *See id.*

until May 19, 2021, when he was released from prison for a separate sentence he was serving. ***Id.*** at 14. The Commonwealth argued that Wilson was not entitled to credit against the sentence in this case for September 11, 2019 to April 8, 2020, because that time was counted against two other sentences. ***Id.***

The trial court determined that Wilson was entitled to 142 days of credit for time served. ***Id.*** at 23. It first subtracted 271 days from defense counsel's 334 days, amounting to 63 days of credit. ***Id.*** at 22.[5] The 271 days included the dates of April 8, 2020 to January 21, 2021. ***Id.***[6] The parties agreed that Wilson was not incarcerated during that time. ***Id.*** at 20. The court then added 79 days of credit for time served which included his time in prison on the instant case to the date of the hearing on the post-sentence motion, May 19, 2021 to August 5, 2021. ***Id.*** at 22. The court entered a sentencing order reflecting 142 days of credit for time served. This timely appeal followed.

Wilson raises the following issue:

> Whether the trial court erred by granting in part [Wilson's] post-sentence motion for sentence reconsideration, for the

---

[5] The trial court maintains that it erred by subtracting 271 days. Instead, it stated that it should have only subtracted 108 days, April 8, 2020, to July 24, 2020. ***See*** 1925(a) Op. at 2 n.2. It states that this changes the credit for time served to 223 days. We are unable to determine from the record whether the trial court is correct.

[6] A calculation of these dates amounts to 288 days instead of the 271 determined by the trial court. Additionally, the date of January 21, 2021, is when Wilson was picked up by the State of New Jersey for a separate offense. He remained incarcerated from that date. ***See*** N.T., Post-Sentence Motion Hearing, at 17.

- 4 -

reason that [Wilson] was entitled to receive 311 days credit for time served, rather than the 142 days credit that was ordered?

Wilson's Br. at 7 (answer omitted).

Wilson contends that the trial court erred in its calculation of credit for time served. He claims that instead of 142 days of credit, the court should have found that he was entitled to 311 days. Wilson's claim presents a challenge to the legality of his sentence. *See Commonwealth v. Martz*, 42 A.3d 1142, 1145 (Pa.Super. 2012). Our scope of review is plenary, and we must determine whether the court erred as a matter of law. *Id.*

Section 9760 of the Sentencing Code governs the right to credit for time served. It provides in part:

> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> ***
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760(1), (4). A defendant is not entitled to "receiv[e] credit against more than one sentence for the same time served," *i.e.*, double credit. **Commonwealth v. Ellsworth**, 97 A.3d 1255, 1257 (Pa.Super. 2014) (quoting **Commonwealth v. Merigris**, 681 A.2d 194, 195 (Pa.Super. 1996)). Thus, "[c]redit is not given . . . for a commitment by reason of a separate and distinct offense." **Commonwealth v. Richard**, 150 A.3d 504, 520-521 (Pa.Super. 2016) (citation omitted).

Wilson alleges that he is entitled to 311 days of credit. This time includes his time in Westmoreland County Prison during two periods: the first from August 27, 2019 to April 8, 2020, and the second from May 13, 2021 to August 5, 2021. This second period includes the time he was awaiting extradition from New Jersey to the day of the hearing on the post-sentence motion.[7] We address the contested periods separately.

*August 27, 2019 – April 8, 2020*

The trial court concluded that Wilson had already received credit for this period against at least one other sentence. **See** 1925(a) Op. at 5. The court noted that docket sheets from Bucks County showed that on August 1, 2019, Bucks County sentenced Wilson to jail in a separate case and gave Wilson credit for time served starting from April 10, 2019. **Id.** at 4. The minimum jail term for that sentence expired on April 9, 2020. **See id.** The trial court added

---

[7] The docket sheets for Wilson's cases in Bucks County and Montgomery County are not in the certified record. However, the parties do not dispute the court's descriptions of the sentences imposed by those counties or the credit given against those sentences. As such, we will not find waiver of this issue.

that Wilson was also serving a jail sentence from Montgomery County that was concurrent with the Bucks County sentence. *Id.* at 4-5.

Wilson was thus serving sentences from Montgomery and Bucks Counties during the contested time from August 27, 2019 to April 8, 2020, and received credit against one or both of those sentences. His commitment during that period was because of the Montgomery County and Bucks County sentences and not due to the instant case. Wilson is not entitled to additional credit for this time. *See* 42 Pa.C.S.A. § 9760(4).

*May 13, 2021 to August 5, 2021*

Wilson alleges that on May 13, 2021, he "completed his sentence in the State of New Jersey and remained [in prison] on a Westmoreland County detainer." Wilson's Br. at 12. He argues that he should have been granted 85 days of credit from May 13, 2021 to August 5, 2021, the time during which he contends he was "awaiting extradition from the State of New Jersey to the Sentence Reconsideration Hearing." *Id.*

At the reconsideration hearing, Wilson argued that he was entitled to 79 days of credit, beginning from May 19, 2021. The trial court agreed and gave him credit. Wilson did not argue that the time should have begun earlier, on May 13. Nothing in the record supports Wilson's contention that his sentence in New Jersey ended on May 13 as opposed to May 19, and the Commonwealth does not agree that his New Jersey sentence ended on May 13. We thus cannot reach this issue.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/8/2022