J-S14021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KASHIF M. ROBERTSON, | |
| Appellant | No. 1595 MDA 2016 |

Appeal from the Judgment of Sentence Entered April 26, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002526-2012

BEFORE:  GANTMAN, P.J., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 18, 2017**

Appellant, Kashif M. Robertson, proceeding *pro se*, appeals from the judgment of sentence entered on April 26, 2016, made final by the order dated August 15, 2016, granting in part his post-sentence motion for modification of sentence.  Appellant also purports to appeal from the order dated August 18, 2016, denying his post-sentence motion raising claims of ineffective assistance of counsel.[1]  After careful review, we affirm.[2]

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  The unusual procedural posture of this case described in detail, *infra*, requires some explanation.  Appellant initially filed a petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, on October 14, 2015.  Counsel was appointed and an amended petition was filed on January 4, 2016.  The PCRA court entered its original order denying PCRA relief on Appellant's claims of ineffective assistance of suppression, trial, and appellate counsel on April 26, 2016.  However, due to Appellant's
*(Footnote Continued Next Page)*

*(Footnote Continued)* ——————————

sentence being illegal as imposed, the court also resentenced Appellant that same date. Appellant filed a post-sentence motion seeking credit for time already served on May 2, 2016, which was docketed on May 5, 2016, and a second post-sentence motion alleging ineffective assistance of counsel on May 5, 2016, which was docketed on May 10, 2016. It appears that because Appellant was incarcerated, the PCRA court deemed both of Appellant's motions timely and addressed Appellant's allegations based on application of the prisoner mailbox rule. ***See*** Pa.R.A.P. 121(a). The August 15, 2016 order granted the motion to modify sentence in part, which made final the April 26, 2016 judgment of sentence, and the August 18, 2016 order denied Appellant's post-sentence motion alleging ineffective assistance of counsel.

[2] Further complicating matters, Appellant filed a single appeal from the two separate orders.

> Where one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. Note to Pa.R.A.P. 341, citing ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 n.3 (Pa. Super. 2007). In ***C.M.K.***, this Court quashed a single appeal from two judgments of sentence imposed on codefendants who were convicted and sentenced individually on different charges. ***C.M.K.***, 932 A.2d at 112. We noted that the filing of the joint appeal in that instance was unworkable because the appeals required individualized arguments, separate appellate analyses of the evidence, and distinct examination of the different sentences imposed. ***Id***.

* * *

> While our Supreme Court recognized that the practice of appealing multiple orders in a single appeal is discouraged under Pa.R.A.P. 512 (joint appeals), it previously determined that appellate courts have not generally quashed such appeals, provided that the issues involved are nearly identical, no objection to the appeal has been raised, and the period for appeal has expired. ***K.H. v. J.R.***, 826 A.2d 863, 870 (Pa. 2003) (citation omitted).

*(Footnote Continued Next Page)*

On April 7, 2012, Appellant was arrested and charged with persons not to own or possess firearms,[3] carrying a firearm without a license,[4] possession with intent to deliver a controlled substance ("PWID"),[5] unlawful possession of drug paraphernalia,[6] and tampering with or fabricating physical evidence.[7] Complaint, 4/7/12. On September 10, 2012, Appellant filed a motion to suppress. After a hearing, the suppression court denied the motion on December 27, 2012. Subsequently, suppression counsel sought leave to withdraw, and the trial court granted the motion on January 31, 2013. On February 21, 2013, Appellant, acting *pro se,* filed an appeal from the order denying his motion to suppress. On April 22, 2013, after new counsel entered his appearance on behalf of Appellant, this Court *sua sponte* quashed Appellant's *pro se* appeal as premature. **See Commonwealth v. Robertson**, 420 MDA 2013 (unpublished order).

_____
*(Footnote Continued)*

**In the Interest of: P.S.**, 158 A.3d 643, 648 (Pa. Super. 2017) (internal footnote and quotations marks omitted). Under the facts presented here, we decline to quash.

[3] 18 Pa.C.S. § 6105(c)(2).

[4] 18 Pa.C.S. § 6106(a)(1).

[5] 35 P.S. § 780-113(a)(30).

[6] 35 P.S. § 780-113(a)(32).

[7] 18 Pa.C.S. § 4910(1).

A jury trial commenced on September 10, 2013, concluded in a mistrial. On September 19, 2013, a jury convened for Appellant's new trial convicted Appellant of "PWID," possession of drug paraphernalia, and possession of a controlled substance. That same day, the trial court sentenced Appellant to an aggregate term of incarceration of not less than three nor more than ten years, followed by a two-year term of probation, plus fines and costs.

On September 24, 2013, Appellant filed a *pro se* notice of appeal. On October 1, 2013, new counsel filed an appeal on Appellant's behalf. Eight days later, new counsel sought leave to withdraw and forwarded Appellant's *pro se* Pa.R.A.P. 1925(b) statement of errors complained of on appeal to the trial court. Subsequently, counsel withdrew the October 1, 2013 appeal. On October 31, 2013, the trial court granted counsel's motion to withdraw and issued a new concise statement order. Thereafter, Appellant, again *pro se,* filed a new Rule 1925(b) statement. On December 16, 2013, and January 23, 2014, the trial court and the suppression court, respectively, filed opinions pursuant to Pa.R.A.P. 1925(a).

On May 21, 2014, new counsel entered his appearance on behalf of Appellant. This Court affirmed Appellant's judgment of sentence on December 16, 2014, **Commonwealth v. Robertson**, 116 A.3d 689, 1730 MDA 2013 (Pa. Super. filed December 16, 2014) (unpublished memorandum at *13), and the Pennsylvania Supreme Court denied Appellant's petition for

allowance of appeal. ***Commonwealth v. Robertson***, 116 A.3d 689, 117 MAL 2015 (Pa. filed June 30, 2015).

The trial court summarized the ensuing proceedings, as follows:

> On October 14, 2015, Appellant [f]iled a *pro se* Petition for Relief Pursuant to the Post-Conviction Relief Act. Counsel was appointed and she filed a supplemental PCRA. Based upon that supplemental filing, we scheduled a hearing for April 26, 2016.
>
> At that hearing, based upon an illegal sentence, Appellant was resentenced.[8] The remaining PCRA claims were dismissed following the hearing.
>
> Appellant then filed a Motion for Imposition of Correct Time Credit on May 5, 2016 and a Post Sentence Motion on May 10, 2016. Following a *Grazier*[9] hearing on June 23, 2016, Counsel was permitted to withdraw and the Commonwealth was granted time to respond to various motions.
>
> Based upon the Motion for Imposition of Correct Time Credit and the Commonwealth's response, on August 15, 2016, this [c]ourt did grant Appellant time credit from April 7, 2012 to September 20, 2015.
>
> On August 18, 2016, this [c]ourt denied Appellant's post sentence motion in an order and memorandum opinion.
>
> The Clerk of Courts received a Notice of Appeal of the August 15 and August 18, 2016 orders on or about September 7, 2016. On September 26, 2016, we ordered Appellant to file a

_____

[8] In the April 26, 2016 resentencing order, the trial court sentenced Appellant to an aggregate term of two to four years of incarceration followed by one year of probation, plus fines and costs.

[9] ***See Commonwealth v. Grazier***, 713 A.2d 81, 82 (Pa. 1998) (stating that when an appellant seeks to waive their right to counsel, the trial court shall hold a hearing on the record to determine if the waiver of counsel is knowing, intelligent, and voluntary).

statement of errors complained of on appeal. A timely statement was filed.

PCRA Court Opinion, 12/12/16, at 3.

Appellant raises the following issues for appellate review:

A. Did the PCRA court err in denying in part Appellant's motion for time credit when he was not awarded his time on parole while on the original sentence and under the jurisdiction of the Pennsylvania Board of Probation and Parole, and was subject to 61 Pa.C.S. § 6138 (c)(2); (f) at the time he was re-sentenced, and is he deserving of time credit pursuant to state statute?

B. Did the PCRA court err in denying Appellant's claim that counsel was ineffective by failing to cross examine Commonwealth witnesses concerning contradictory testimony, was previously litigated, when the claim concerning contradicting testimony was never raised on appeal by Appellant, and does this finding conflict with Commonwealth v. Collins, 888 A.2d 564 (Pa. 2005)?

C. Did the PCRA court err in denying Appellant's claim that PCRA counsel was ineffective for failing to subpoena attorney Gary Kelley, Esq. to meet the (3) prong test of ineffective counsel of Mr. Kelley at the PCRA hearing?

D. Did the PCRA court err in denying Appellant's claim that trial counsel was ineffective for failing to assert his right under Pa.R.Crim.P. 581 (J), to reopen the suppression record to address previously unavailable evidence which was revealed during trial, under In Re L.J., 79 A.3d 1073 (Pa.2013); has been previously litigated on direct appeal?

E. Did the PCRA court err in denying Appellant's claim that PCRA counsel no-merit assertion was in error by finding his ineffective claims against appellate counsel for failing to assert his right under Pa.R.Crim.P. 581 (J), and In Re L.J., 79 A.3d 1073 (Pa. 2013); and for failing to effectively challenge the reliability of the CI under both state and federal jurisprudence, and address the contradictory testimony adopted by the suppression judge and revealed in trial in his brief, was without merit and was previously litigated?

Appellant's Brief at vii (full capitalization omitted).[10]

In his first issue, Appellant alleges that he was entitled to credit for time spent on parole while under the jurisdiction of the Pennsylvania Board of Probation and Parole pursuant to 61 Pa.C.S. § 6138 (c)(2) and (f). After review, we conclude that this issue is meritless.

A "challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence." *Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009). "Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Brougher*, 978 A.2d 373, 377 (Pa. Super. 2009) (citation omitted).

During the post-conviction hearing, the PCRA court concluded that Appellant's original sentence was illegal and resentenced him on April 26, 2016. N.T. (PCRA Evidentiary Hearing), 4/26/16, at 34-36. As part of its resentencing order, the PCRA court granted Appellant credit from April 12, 2015, to September 20, 2015. Resentencing Order, 4/26/16.[11] However, on August 15, 2016, after considering Appellant's post-sentence motion to correct time credit, the PCRA court granted Appellant relief insofar as it

_____

[10] For purposes of our discussion, we have renumbered Appellant's issues presented.

[11] Despite the language in the PCRA court's order, the docket entry reflects that Appellant was to receive credit beginning on April 7, 2012.

awarded Appellant credit for time served from April 7, 2012, to September 20, 2015. Modification of Sentence Order, 8/15/16.

While Appellant's argument concerning the legality of his sentence is muddled and peppered with references to the jurisdiction of the Pennsylvania Board of Probation and Parole and technical parole violations, we interpret it as an assertion that Appellant is entitled to credit for the time between September 20, 2015, when he was paroled on the underlying charges, and March 17, 2016, when he was arrested on new unrelated charges.

The right to credit for time served is statutory in nature and arises from 42 Pa.C.S. § 9760, which provides, in relevant part, as follows:

**§ 9760. Credit for time served**

[T]he court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent **in custody** as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1) (emphasis added). "Thus, credit for time served is generally reserved for situations where the defendant is 'in custody.'" **Commonwealth v. Martz**, 42 A.3d 1142, 1145-1146 (Pa. Super. 2012) (quoting **Commonwealth v. Stafford**, 29 A.3d 800 (Pa. Super. 2011)). "Pennsylvania appellate courts consistently have interpreted section 9760's

reference to 'custody' as confinement in prison or another institution." *Martz*, 42 A.3d at 1145 (quoting *Commonwealth v. Maxwell*, 932 A.2d 941, 944 (Pa. Super. 2007) (citations omitted)). Here, from September 20, 2015, to March 17, 2016, Appellant was on parole, *i.e.,* released from confinement. Thus, under section 9760, Appellant was not "in custody" and was not entitled to receive credit for this period. *See Commonwealth v. Kyle*, 874 A.2d 12, 18 (Pa. 2005) (holding the defendant was not entitled to credit for time spent on release pending appeal subject to electronic home monitoring because, under Section 9760, "in custody" means "time spent in an institutional setting"). Therefore, Appellant's challenge to the legality of his sentence is meritless.

Appellant's remaining issues are claims of ineffective assistance of counsel at various stages of the underlying proceedings. These claims were addressed in the trial court's August 18, 2016 order. We affirm the trial court's denial of relief; however, we do so on different grounds.

As we noted *supra*, the April 26, 2016 order granted relief on Appellant's credit-for-time-served issue, but it denied all other PCRA claims. Appellant was resentenced that same day, and he did not appeal from the denial of the PCRA claims. Rather, following resentencing, Appellant raised his ineffectiveness issues in a post-sentence motion. This was improper.

In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court held that "claims of ineffective assistance of counsel are to be deferred

to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." *Id*. at 576 (footnote omitted). The Supreme Court noted that under "extraordinary circumstances," there are two narrow exceptions to this rule: (1) where the trial court determines that the ineffectiveness claim is "both meritorious and apparent from the record so that immediate consideration and relief is warranted; or (2) where the trial court finds "good cause" for review and the defendant makes a "knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." *Id*. at 564, 577.

Instantly, the trial court did not find Appellant's claims meritorious, and Appellant did not expressly waive his PCRA rights in his post-sentence motion. Therefore, neither exception applies. Thus, Appellant's ineffective-assistance-of-counsel issues are premature.[12] The ramifications of our decision are that Appellant's claims of ineffective assistance of counsel are

_____

[12] We may affirm the trial court's determination on any correct basis, even where those grounds were not relied upon by the trial court. *Commonwealth v. Colon*, 708 A.2d 1279, 1282, n. 1 (Pa. Super. 1998).

- 10 -

deemed denied without prejudice to Appellant's ability to raise them in a collateral petition under the PCRA. **Holmes**, 79 A.3d at 576.[13]

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017

---

[13] Should Appellant opt to pursue collateral relief, we leave to the PCRA court to determine what, if any issues, are properly preserved, what issues were waived due to Appellant's failure to pursue an appeal from the April 26, 2016 order, and what issues have been previously litigated.